**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN HARRY GETSCHER,

        Petitioner,

v.                                                            Case Number: 08-CV-13090

NICK LUDWIG,

        Respondent.
                                          /

**OPINION AND ORDER DISMISSING PETITIONER'S
"MOTION [NOTICE] TO TOLL HABEAS CORPUS CLOCK"**

Petitioner John Harry Getscher, a state inmate, currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a "Motion [Notice] To Toll Habeas Corpus Clock," with this court on July 17, 2008 (Dkt. #1). In that document, Petitioner notifies the court that he has filed a post-conviction motion with the state-trial court, regarding his convictions and sentences for five counts of criminal sexual conduct in the second degree, Mich. Comp. Laws 750.520(c)(1)(a) and one count of criminal sexual conduct in the first degree, Mich. Comp. Laws 750.520(b)(1)(a).

The court finds that Petitioner's motion has been filed improvidently; Petitioner filed this motion on a non-existent case. Petitioner has not filed a petition for a writ of habeas corpus with this court. Rather, it appears from the document filed that Petitioner seeks confirmation from the court on the statute of limitations period regarding the filing of a petition. Because this motion has been filed on a non-existent case, the court dismisses the motion. However, the court notes the following regarding the statute of limitations in Petitioner's case.

Following his convictions and sentencing, Petitioner properly filed an appeal, as of right, with the Michigan Court of Appeals, which affirmed his convictions. *People v. Getscher*, No. 262113, 2006 WL 2956307 (Mich. Ct. App. Oct. 17, 2006) (unpublished). Subsequently, Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court, which was denied on June 1, 2007. *People v. Getscher*, 478 Mich. 887, 731 N.W.2d 768 (2007) (Cavanagh and Kelly, JJ., would grant leave to appeal; Markman, J., dissenting.) On July 7, 2008, Petitioner filed his post-conviction motion for relief from judgment, pursuant to M.C.R. 6.500, *et. seq.*, with the state-trial court, which is pending.

The time during which a properly filed application for state post-conviction or other collateral review is pending in the state courts statutorily tolls the one-year period. *See* 28 U.S.C. § 2244(d)(2). Here, the Michigan Supreme Court denied relief on Petitioner's direct appeal on June 1, 2007. Petitioner then had ninety days (90) in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about August 30, 2007–ninety days (90) after the Michigan Supreme Court denied leave to appeal. Petitioner then has one year in which to file his federal habeas petition or seek additional state court review–until August 30, 2008. However, because Petitioner sought collateral review of his claims with the state courts, on July 7, 2008, the time for filing his habeas petition is tolled. Although the court does not generally rule in advance, the court does note, pursuant to its preliminary calculations, Petitioner has approximately fifty-four days remaining before the statute of limitations expires.

Based upon the foregoing, IT IS ORDERED that Petitioner's "Motion To Toll Habeas Corpus Clock" [Dkt. #1] is DISMISSED WITHOUT PREJUDICE. This matter is deemed closed.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522